UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____
                                            )
In Re: Billie Jo Brady,                     )
aka Billie Jo Bellefeuille,                 )
                                            )    Case No.: 09-13024
                           Debtor(s)        )    Chapter 7
Address:    1132 Laurel Lane                )
            Ballston Spa, NY 12020          )
                                            )
_____)
                                            )
Billie Jo Brady,                            )
aka Billie Jo Bellefeuille,                 )
                                            )
              Plaintiff,                    )    Adv. Case No.
-against-                                   )    09-
                                            )
Afni, Inc.                                  )
                                            )
              Defendants.                   )
_____)

## COMPLAINT SEEKING DAMAGES FOR
## VIOLATION OF AUTOMATIC STAY, UNFAIR TRADE PRACTICES
## AND FAIR DEBT COLLECTION PRACTICES ACT

   Billie Jo Brady, (aka Billie Jo Bellefeuille), plaintiff and debtor herein, by and through her attorney, Ronald J. Kim, Esq., alleges as follows:

### Introduction

1. This is an action for actual and punitive damages filed by the Debtor pursuant to Section 362 of the Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and New York General Business Law Section 341 (hereinafter referred to as "GBL").

2. This action is also filed to enforce the Automatic Stay duly entered in this Chapter 7 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

### Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

8. The plaintiff in this case was and is a debtor under Chapter 7 of Title 11 in the above-captioned case.

9. The defendant, Afni, Inc., ("Afni") is a foreign business corporation organized and existing under the laws of the State of New York, with a principal place of business located at 404 Brock Drive, Bloomington, IL, 61701.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6), in that it regularly attempts to collect debts alleged to be due to another.

## Factual Allegations

11. The debtor filed for Chapter 7 Bankruptcy relief on August 14, 2009.

12. The 341(a) meeting of creditors in this case was held in Albany, New York on September 14, 2009.

13. The Chapter 7 Bankruptcy proceeding included a debt to Afni in the amount of $166.29 ("the debt"), which was scheduled as an unsecured claim for telephone service assigned by nonparty, Verizon, New York, Inc.

14. On information and belief, the Chapter 7 Trustee ("Trustee") in this case caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Long Beach. See attached hereto as Exhibit A a true and correct copy of the Mailing Matrix for Case No. 09-13024.

15. The debtor alleges upon information and belief that the notice mailed by the Trustee included the following warning to all creditors: " **CREDITORS MAY NOT TAKE CERTAIN ACTIONS:** The filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be **penalized.**" See attached hereto as Exhibit B a true and correct copy of Form B9I together with BNC Certificate of Service.

16. The debtor alleges that all of these documents were served on the Afni and received by the defendant including other documents filed in this case.

17. Notwithstanding the bankruptcy stay, on or about October 10, 2009, Afni sent a letter demanding payment. See attached hereto as Exhibit C a true and correct copy of a letter dated October 10, 2009 from Afni to Brady.

18. Once again, on or about October 31, 2009, Afni sent a letter demanding payment. See attached hereto as Exhibit D a true and correct copy of a letter dated October 31, 2009 from Afni to Brady.

19. To date, Afni has not refrained from attempting to collect this debt.

20. Each of these letters was received by the plaintiff at her home.

21. The alleged debt which is the subject of these letters was a personal, family, or household services debt.

22. The plaintiff has been harassed and damaged by the defendant's repeated attempts to collect this debt that was included in the bankruptcy.

**First Claim for Relief**
**(Violation of the Automatic Stay)**

23. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

24. The failure of the defendant to refrain from attempting to collect the debt despite proper and repeated notice of the bankruptcy stay and repeated requests by the plaintiff and her counsel, constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a).

25. As a result of the above violations of 11 U.S.C. Section 362, the defendant is liable to the plaintiff for actual damages, punitive damages and legal fees.

## Second Claim for Relief
### (New York Deceptive Business )

26. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

27. The plaintiff is a "consumer" as that term is defined by GBL Section 349.

28. The defendant's failure to refrain from attempting to collect the debt from the plaintiff upon the filing of the instant Bankruptcy petition is an unfair and deceptive business practice on a consumer which was and did mislead the plaintiff and did in fact cause actual injury and harm.

29. The defendant's unfair and deceptive business practices was a willful and knowing violation of GBL Section 349.

30. As a result thereof, the defendant is liable for actual and compensatory damages, and statutory damages in the sum of $50.00 per violation, along with attorneys fees and costs.

## Third Claim for Relief
### (Fair Debt Collection Practices Act)

31. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

32. The defendant's repeated attempts to collect the debt despite the imposition of a bankruptcy stay was and is a violation of the FDCPA.

33. By attempting to collect the debt despite the imposition of a bankruptcy stay, defendant has violated 15 U.S.C. §1692 d, in that the communications attempting to collect the debt harassed, oppressed, and abused the plaintiff.

34. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, statutory damages of $1,000.00 for each violation, and attorney's fees.

## Fourth Claim for Relief
### (Fair Debt Collection Practices Act)

35. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

36. The defendant's repeated attempts to collect the debt despite the imposition of a bankruptcy stay was and is a violation of the FDCPA.

37. By attempting to collect the debt despite the imposition of a bankruptcy stay, defendant has violated 15 U.S.C. §1692 e in that the communications attempting to collect a debt were false and/or misleading.

38. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, statutory damages of $1,000.00 for each violation, and attorney's fees.

## Fifth Claim for Relief
### (Fair Debt Collection Practices Act)

39. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

40. The defendant's repeated attempts to collect the debt despite the imposition of a bankruptcy stay was and is a violation of the FDCPA.

41. By attempting to collect the debt despite the imposition of a bankruptcy stay, defendant has violated 15 U.S.C. §1692 f, in that the communications attempting to collect a debt were unfair and unconscionable.

42. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, statutory damages of $1,000.00 for each violation, and attorney's fees.

## Sixth Claim for Relief
### (Fair Debt Collection Practices Act)

43. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

44. The defendants' repeated attempts to collect this debt despite having been served with information indicating that the Debtor was and is represented by an attorney in a bankruptcy proceeding was and is a violation of the FDCPA.

45. By attempting to collect the debt despite being informed that the plaintiff was represented by legal counsel, defendant has violated 15 U.S.C. §1692 c(a)(2).

46. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, statutory damages of $1,000.00 for each violation, and attorney's fees.

**WHEREFORE,** the plaintiff having set forth her claims for relief against the defendant respectfully prays of the Court as follows:

A.  That the plaintiff have and recover against the defendant a sum to be determined by the Court in the form of actual and compensatory damages; including emotional distress and pain and suffering;

B.  That the plaintiff have and recover against the defendant a sum to be determined by the Court in the form of statutory damages;

C.  That the plaintiff have and recover against the defendant a sum to be determined by the Court in the form of punitive damages;

D.  That the plaintiff have and recover against the defendant all reasonable legal fees and expenses incurred by their attorney;

E.  That this Court order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of New York GBL Section 349;

F.  That this Court order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

G.  That the plaintiff have such other and further relief as the Court may deem just and proper.

Dated: November 30, 2009                  */s/Ronald J. Kim/s/*
                                          Ronald J. Kim, Esq.
                                          *Attorney for Plaintiffs/Debtors*
                                          Bar Roll # 511156
                                          Law Offices of Ronald J. Kim
                                          PO BOX 318
                                          Saratoga Springs, NY 12866
                                          518-581-8416 Telephone
                                          518-583-9059 Facsimile
                                          Ron@RonaldKimLaw.com E-mail